FILED
JUL 24 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Taquan Gullett, )
    Plaintiff, )
    v. ) Civil Action No. 19-2015 (UNA)
James C. Duff *et al.*, )
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint

1

that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint fits the bill.

Plaintiff is a federal prisoner at the United States Penitentiary in Coleman, Florida, purportedly suing under the Administrative Procedure Act, 5 U.S.C. §§ 702 *et seq.*, 42 U.S.C. § 1981, and the mandamus statute, 28 U.S.C. § 1361. *See* Compl. at 3. Plaintiff and his mother are "no strangers" to the United States District Court for the Middle District of Florida, where "each" has a history of filing "patently frivolous and vexatious" complaints. *Gullett-El v. Corrigan*, No. 3:17-cv-881-J-32JBT, 2017 WL 10861313, at *1 (M.D. Fla. Sept. 20, 2017). As a result, that court has enjoined plaintiff from filing "any action or other matter" in that court "or the Fourth Judicial Circuit in and for Duval County, Florida," without prior approval. *Id.* at *5.

The instant pleading consists of 52 cryptically worded paragraphs that mention, among other things, "criminal complaints" and "agency action." The only discernible claim alleges acts or omissions by the Clerk of the United States Supreme Court. *See* Compl. ¶ 19 ("The subject-matter of Agency Order Criminal Complaint #2 is that Supreme Court Clerks Clayton R. Higgins, Jr. and Scott S. Harris have upon multiple occasions received Affiant's complete and timely petitions for writ of certiorari . . . but none of the letters have been answered nor is there any evidence said complete and timely Petition has ever been filed."). But the Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). So, this "lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or

2

officers of a higher court to take an action."). In all other respects, the complaint simply fails to provide any notice of a claim and thus will be dismissed.[1] A separate order accompanies this Memorandum Opinion.

DATE: July 26, 2019

United States District Judge

---

[1] In the injunction order, the Florida court observes that "each time a case is dismissed, anyone involved with the dismissed case, including the judge, is named as a defendant in the next filing." *Gullett-El*, 2017 WL 10861313, at *1. As a precautionary matter, plaintiff is advised that in this circuit, an "in *forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted," *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981), and judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter, *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases).